UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAUL CHILL and SYLVIA CHILL, for the use and benefit of the CALAMOS GROWTH FUND,<br><br>                Plaintiffs,<br>v.<br><br>CALAMOS ADVISORS LLC and CALAMOS FINANCIAL SERVICES LLC,<br><br>                Defendants. | No. ____-CV-_____<br><br>Underlying Litigation:<br>Case No. 15-cv-01014 (ER)<br>United States District Court<br>Southern District of New York<br><br>**PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO COMPEL COMPLIANCE WITH SUBPOENAS, OR, IN THE ALTERNATIVE, FOR TRANSFER TO ISSUING COURT** |

    Plaintiffs Saul Chill and Sylvia Chill ("Plaintiffs") hereby move for an order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling non-parties Calamos Investment Trust (the "Trust") and the Trust's Independent Trustees [1] (collectively, "Respondents") to produce certain purportedly privileged documents pursuant to subpoenas issued in the above-referenced action, which is pending in the United States District Court for the Southern District of New York.

    In the alternative, Plaintiffs request an order pursuant to Fed. R. Civ. P. 45(f) transferring Plaintiffs' motion to the Southern District of New York, which is already familiar with the facts and circumstances of the case and best able to ensure consistent results and prevent disruption in case management.

---

[1] The Independent Directors consist of David D. Tripple, Virginia G. Breen, John E. Neal, Weston W. Marsh, Stephen B. Timbers, William R. Rybak and Theresa A. Hamacher.

The discovery motion raises a discrete legal question – namely, whether the "fiduciary exception" to the attorney-client privilege applies in connection with legal advice sought by the independent trustees of a mutual fund. Plaintiffs, who are shareholders of the Calamos Growth Fund (the "Fund"), submit that the fiduciary exception does apply, and, that, accordingly, Respondents are required to produce seventy-three documents that Respondents have withheld and/or redacted on the basis of purported privilege. Respondents disagree, contending that the fiduciary exception somehow does not apply in the mutual fund context.

Notably, Respondents do not argue that the documents sought are irrelevant or unresponsive, and do not claim that producing them would be a burden.

## RELEVANT FACTS

The underlying litigation is an action by Plaintiffs alleging that the Fund's advisor and distributor received excessive compensation in violation of Section 36(b) of the Investment Company Act. *See* Declaration of Mark A. Strauss, dated March _, 2017 (the "Strauss Decl."), Ex. A.[2] The Fund is a series of the Trust, which is organized as a Massachusetts Business Trust and overseen by a board of trustees. Plaintiffs allege, *inter alia*, that the Independent Trustees – who are non-parties to the lawsuit – failed conscientiously to consider or assess information that would have revealed the excessiveness of the compensation. *See id.* On March 21, 2016, Judge Edgardo Ramos issued a 41-page opinion denying the defendants' motion to dismiss Plaintiffs' Complaint. *See* Strauss Decl. Ex. B.

In response to Plaintiffs' subpoenas, *see* Strauss Decl. Exs. C-D, Respondents produced a limited number of documents, but redacted or withheld approximately seventy-three documents on the purported basis of attorney-client privilege. *See* Strauss Decl. Ex. E. According to

---

[2] Given the nature of the action, any recovery in this case will inure to the Fund's benefit.

2

Respondents' privilege log, the materials withheld or redacted involved legal advice provided to the Independent Trustees in connection with their oversight of the Fund, including, specifically, their review and approval of the challenged fees. *See id.*

On February 21, 2017, after conferring with counsel for Respondents and being unable to resolve this dispute, Plaintiffs filed a letter with the court in the Southern District of New York requesting a discovery conference. *See* Strauss Decl. Ex. F.

On February 22, 2017, Respondents filed a letter in opposition to Plaintiffs' request, arguing, *inter alia*, that Rule 45 requires that any dispute regarding Plaintiffs' subpoenas be brought in this District, where Respondents' principal place of business with respect to the Fund is located. *See id.* Ex. G.

On March 1, 2017, Plaintiffs withdrew their request for relief in the Southern District of New York. *See id.* Ex. H. Plaintiffs now seek appropriate relief in this District.

## ARGUMENT

### I. The Court Should Compel Production of the Purportedly Privileged Documents Because the Fiduciary Exception Applies

In *United States v. Jicarilla Apache Nation*, 564 U.S. 162 (2011), the Supreme Court made clear that the attorney-client privilege provides no basis to withhold information from the beneficiaries of a trust when a trustee or other fiduciary seeks or is provided legal advice to guide the administration of the trust.[3] 564 U.S. at 170. In such a scenario, "the attorney-client

---

[3] Rule 45 of the Federal Rules of Civil Procedure provides the framework for securing from non-parties, through the use of subpoenas, documents, electronically stored information, testimony and tangible things relevant to a pending litigation. Fed. R. Civ. P. 45 (a), (b). It is well settled that the scope of a Rule 45 subpoena is informed by Rule 26, which governs civil discovery generally. *See Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind.1993) ("[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules ... if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena."). Rule 26(b)(1) provides that "Parties may obtain discovery
[footnote continued on next page]

privilege properly belonged to the beneficiaries rather than the trustees." 564 U.S. at 172. Only where the trustee shows that he or she obtained legal advice for his or her own personal protection or independent personal purpose will the attorney-client privilege survive. *Id*. This rule ensures that there is a "full disclosure necessary in the trustee-beneficiary relationship," which is "ultimately more important than the protection of the trustees' confidence in the attorney for the trust." *Id*. at 172-73 (quotations and citation omitted).

The leading case for the fiduciary exception in the mutual fund context is *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. 14 Civ. 1987, 2016 WL 6836886 (W.D. Wash. Nov. 21, 2016).[4] There, the court accepted the plaintiff's argument that fund trustees acted as representatives for the beneficiaries of the trust (that is, the shareholders), and, hence, that their communications with counsel were discoverable. *See id*. at *2. The court noted that the trustees "clearly owed a fiduciary duty to Plaintiff and other shareholders" and that the communications at issue "include legal advice for managing the fund, not personal advice to the Trustees." *Id*. The court rejected the defendants' contention that the fiduciary exception was somehow incompatible with the legal framework for mutual funds, which requires the appointment of independent trustees. Rather, "it is from the Plan Administrator that they are independent, not the trust beneficiaries, i.e. shareholders," the court reasoned. *Id*. at *4. Accordingly, "none of the Trustee's or PIMCO's arguments about the importance of the attorney-client privilege or the applicable statutory and regulatory structure satisfactorily explain why the independent trustees, acting as fiduciaries to

---

regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . ." Fed. R. Civ. P. 26(b)(1). The Federal Rules also provide federal courts with the power to compel compliance with subpoenas that seek relevant information. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); Fed. R. Civ. P. 37(a)(1).

[4] Notably, like this case, *Kenny* also involved excessive compensation claims under Section 36(b) and a mutual fund that was organized as a Massachusetts Business Trust.

4

the beneficiaries of the trust, should be able to resist disclosure to those beneficiaries of attorney communications paid for by the trust for the benefit of the trust." *Id*. Production of the withheld materials was therefore ordered. *See id*.

In their letter to the court in the Southern District of New York, *see* Strauss Decl. Ex. G, Respondents suggest that the fiduciary exception is somehow unsettled or unrecognized law. This is untrue. Courts routinely recognize – and apply – the exception in this Circuit[5] and elsewhere[6].

Respondents also contend that the Plaintiffs cannot demonstrate "good cause." Good cause is established, however, in that the discovery is admittedly relevant and responsive and that there is no burden associated with its production. *See Sanyo Laser Prod. Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 499 (S.D. Ind. 2003) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating

---

[5] *See, e.g., Krase v. Life Ins. Co. of N. Am.*, 962 F. Supp. 2d 1033, 1038 (N.D. Ill. 2013) (applying fiduciary exception to attorney client privilege in ERISA case and granting motion to compel); *Comrie v. Ipsco, Inc.*, No. 08 Civ. 3060, 2009 WL 4403364, at *3 (N.D. Ill. Nov. 30, 2009) (applying fiduciary exception to attorney client privilege in ERISA case as purportedly privileged communications related to the administration of the plan); *In re Gen. Instrument Corp. Sec. Litig.*, 190 F.R.D. 527, 530 (N.D. Ill. 2000) (applying fiduciary exception).

[6] *See, e.g., McFarlane v. First Unum Life Ins. Co.*, No. 16 Civ. 7806, 2017 WL 480500, at *5-6 (S.D.N.Y. Feb. 6, 2017) (applying fiduciary exception to attorney client privilege in ERISA case and ordering in camera review of contested documents); *Asuncion v. Metro. Life Ins. Co.*, 493 F. Supp. 2d 716, 721-22 (S.D.N.Y. 2007) (applying fiduciary exception to attorney client privilege in ERISA case and ordering the production of documents); *Black v. Bowes*, No. 05 Civ. 108, 2006 WL 3771097, at *8 (S.D.N.Y. Dec. 21, 2006) (same); *Lugosch v. Congel*, 219 F.R.D. 220, 242-43 (N.D.N.Y. 2003) (applying fiduciary exception in action concerning real estate partnership trusts and ordering production of documents relating to loan application); *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587, 2003 WL 41996, at *6 (S.D.N.Y. Jan. 6, 2003) (applying fiduciary exception to attorney client privilege in securities fraud class action and ordering the production of documents relevant to litigation); *Smith v. Jefferson Pilot Fin. Ins. Co.*, 245 F.R.D. 45, 47 (D. Mass. 2007) (same); *Hill v. State St. Corp.*, No. 09 Civ. 12146 (GAO), 2013 WL 6909524, at *2 (D. Mass. Dec. 30, 2013) (same); *Burns ex rel. Office of Pub. Guardian v. Hale & Dorr LLP*, 242 F.R.D. 170, 173 (D. Mass. 2007) (applying exception as defendants owed fiduciary duty to trust beneficiary).

that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."). Without knowing the contents of the documents, Plaintiffs obviously cannot determine exactly how probative they might be. At minimum, however, Respondents have not suggested that any burden outweighs their usefulness.[7]

Respondents also urge that *Kenny* is unpersuasive because it supposedly fails to take into account the purportedly "unique" statutory role of independent trustees under the Investment Company Act. In support, however, they cite a single supposed authority – an article written by a non-lawyer in an online trade publication. *See* Strauss Decl. Ex. G.

Furthermore, Respondents' statutory role argument is the precise one advanced by the trustees – and rejected by the court in its well-reasoned opinion – in *Kenny*. *See Kenny*, 2016 WL 6836886, at *4 ("none of the Trustee's or PIMCO's arguments about the importance of the attorney-client privilege or the applicable statutory and regulatory structure satisfactorily explain why the [fiduciary exception should not apply].").

Additionally, Respondents are unable to point to anything in the controlling Section 36(b) cases – *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982), and *Jones v. Harris Assocs. L.P.*, 559 U.S. 335 (2010) – suggesting otherwise. Indeed, courts routinely apply the exception in the ERISA context, where fiduciaries have similar statutory roles.[8]

Accordingly, production of the subject communications should be ordered. Respondents do not dispute that *Kenny* is in all material respects on point and indistinguishable. There is no

---

[7] Good cause is additionally established in that Plaintiffs' complaint withstood a motion to dismiss. *See In re Gen. Instrument Corp.*, 190 F.R.D. at 528.

[8] *See McFarlane*, 2017 WL 480500, at *5-6; *Asuncion*, 493 F. Supp. 2d at 721-22; *Black*, 2006 WL 3771097, at *8; *Krase*, 962 F. Supp. 2d at 1038; *Comrie*, 2009 WL 4403364, at *3.

6

question that, as in *Kenny*, the communications in question relate to the Independent Trustees' supervision of the Fund, as indicated by the privilege log, and not personal advice. There is no claim of burden or irrelevance. Furthermore, Plaintiffs do not seek communications relating to the defense of, or discovery in, this lawsuit. Moreover, there has been no suggestion that Plaintiffs are looking to assert claims against the Independent Trustees. Additionally, the relief sought would not require public disclosure of the relevant materials, as a stipulated protective order is already in place. *See* Strauss Decl. Ex. H at ECF 32.

II. **In the Alternative, the Court Should Transfer Plaintiffs' Motion to the Southern District of New York, Which is Already Familiar with the Circumstances of this Case**

Under Fed. R. Civ. P. 45(a)(2), as amended in 2013, all subpoenas are issued "from the court where the action is pending." However, if a motion to compel is necessary, the motion must be made in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). That court (known as the compliance court) may then, either with the consent of the nonparty or under "exceptional circumstances," transfer the motion to the issuing court. Fed. R. Civ. P. 45(f). The Advisory Committee note to Rule 45(f) provides guidance on what might constitute such circumstances:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts.

Fed.R.Civ.P. 45(f), Advisory Committee Note.

Exceptional circumstances for transfer are present. The transferee court, having issued a 41-page opinion denying the defendants' motion to dismiss Plaintiffs' Complaint and entered scheduling orders with regard to discovery and other deadlines in this case, *see* Strauss Decl.

7

Exs. B, H, is already fully familiar with the facts, circumstances and claims of the underlying litigation. *See, e.g., Cont'l Auto. Sys., U.S. Inc. v. Omron Auto. Elecs., Inc.*, No. 14 Civ. 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (transferring Rule 45 subpoena to issuing court after considering the potential for inconsistent results and risk of disrupting management of underlying case). Transfer would thus ensure consistent results, foster judicial economy, and prevent disruption of the management of the underlying case. Furthermore, Respondents' counsel, Ropes & Gray, have an office located in the Southern District of New York, and, hence, conveniently can litigate there.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Respondents to produce the purportedly privileged documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) or, in the alternative, transfer Plaintiffs' motion to the Southern District of New York pursuant to Fed. R. Civ. P. 45(f).

## CERTIFICATE OF COMPLIANCE WITH RULE 37.2

The parties have been unable to reach an accord despite consultation by telephone and good faith attempts to resolve their differences. On January 31, 2017, Plaintiffs emailed counsel for Respondents requesting to confer on the issues raised by the fiduciary exception. Counsel for Respondents were unavailable to confer until February 14, 2017, on which date Plaintiffs' counsel, Mark A. Strauss of Kirby McInerney LLP, conferred with Respondents' counsel, Amy D. Roy and Robert A. Skinner of Ropes & Gray, in a telephone call that lasted approximately 20 minutes. Mark A. Strauss subsequently conferred with counsel for defendants, David A. Kotler of Dechert LLP, in a separate call that lasted approximately five minutes on February 16, 2017.

Dated: March 2, 2017            Respectfully submitted

BEHN & WYETZNER, CHARTERED

By: /s/ Michael I. Behn
      Michael I. Behn
      828 Davis St., Suite 303
      Evanston, Illinois 60201
      Telephone: (312) 629-0000
      Facsimile: (224) 420-3172
      Email: mbehn@behnwyetzner.com

KIRBY McINERNEY LLP
Ira M. Press
Mark A. Strauss
825 Third Avenue, Floor 16
New York, NY 10022
    Telephone: (212)371-6600
Facsimile: (212) 751-2540
Emails: ipress@kmllp.com
        mstrauss@kmllp.com

*Attorneys for Plaintiffs*

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAUL CHILL and SYLVIA CHILL, for the use and benefit of the CALAMOS GROWTH FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CALAMOS ADVISORS, LLC and CALAMOS FINANCIAL SERVICES, LLC,<br><br>Defendants. | No. __-CV-____<br><br>Underlying Litigation:<br>Case No. 15-cv-01014 (ER)<br>United States District Court<br>Southern District of New York<br><br>**DECLARATION OF MARK A. STRAUSS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, OR, IN THE ALTERNATIVE, TO TRANSFER MOTION TO ISSUING COURT** |

MARK A. STRAUSS declares as follows, pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm of Kirby McInerney LLP, counsel for plaintiffs Saul Chill and Sylvia Chill ("Plaintiffs") in the above-captioned underlying litigation which is pending in the United States District Court for the Southern District of New York. As such, I have knowledge of the matters set forth in this declaration.

2. Attached hereto as Exhibit A is a true and correct copy of the Complaint in the underlying action, filed February 11, 2015.

3. Attached hereto as Exhibit B is a true and correct copy of the Opinion and Order, entered March 28, 2016, in the underlying action denying Defendants' motion to dismiss Plaintiffs' complaint.

4. Attached hereto as Exhibit C is a true and correct copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to Respondent the Calamos Investment Trust, executed May 5, 2016.

5. Attached hereto as Exhibit D are true and correct copies of Subpoenas issued to Respondents the Independent Directors – David D. Tripple, John E. Neal, Stephen B. Timbers, Theresa A. Hamacher, Virginia G. Breen, Weston W. Marsh and William R. Rybak – executed November 11, 2016.

6. Attached hereto as Exhibit E is a true and correct copy of Respondents' Privilege Log, as produced by Respondents' counsel.

7. Attached hereto as Exhibit F is a true and correct copy of Plaintiffs' letter requesting a discovery conference, filed with the court in the Southern District of New York on February 21, 2017.

8. Attached hereto as Exhibit G is a true and correct copy of Respondents' letter opposing Plaintiffs' request for a discovery conference, filed with the court in the Southern District of New York on February 22, 2017.

9. Attached hereto as Exhibit H is a true and correct copy of the docket in the underlying action, updated March 1, 2017.

10. Counsel responsible for trial of the case after personal consultation and reasonable attempts to resolve differences have been unable to reach an accord.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 2, 2017 in New York, New York.

                                                    */s/ Mark A. Strauss*
                                                    MARK A. STRAUSS